## Case No. 17,245.

### The WASHINGTON IRVING.

[2 Ben. 323; 1 8 Int. Rev. Rec. 3.]

District Court, E. D. New York. March, 1868.

LIEN FOR SUPPLIES—DOMESTIC VESSEL—PLEADING.

1. In an action against a vessel for supplies furnished to her in a foreign port, where the libel alleged that they were furnished on her credit, and the answer denied that they were furnished on the request of the owner, or the credit of the vessel, and averred that the owner was in good credit in the foreign port: *Held*, that the admission that the vessel was in a foreign port, was an admission of an apparent necessity for the credit of the vessel.

2. On the pleadings, the only question was, whether the supplies were furnished.

This is an action for supplies furnished by Bentley C. Bibb, the libellant, to the steamboat Washington Irving. The libel alleged that the supplies were necessary for the vessel; that they were furnished at the request of the owner in Baltimore, to which port the vessel was foreign, and that they were furnished upon the credit of the vessel. The answer admitted that the vessel was a foreign vessel, and denied that the supplies were furnished upon the request of the owner, or upon the credit of the vessel; it also averred that the owner was a person in good credit in Baltimore.

Emerson, Goodrich & Wheeler, for libellant.

Beebe, Dean & Donohue, for claimant.

BENEDICT, District Judge. The pleadings in this case called upon the libellant to prove no more than the fact that the supplies were furnished, for the existence of an apparent necessity for the credit of the vessel is admitted, by the admission of the fact that the vessel was in a foreign port. Where there is such an apparent necessity, the maritime law presumes that the credit of the vessel was relied on. The necessity of the repairs being proved, as has been done, the libellant is accordingly entitled to a decree, unless the facts set up in answer and proved are sufficient to repel the presumption of the maritime law. The answer in this case, when examined, is found to aver no such facts. Its only averments in defence are, that the owner of the vessel was well known and in good credit in the place where the supplies were furnished, and that the libellant had been for many months selling

upon credit supplies to the vessel. There is no averment that the owner was present when the supplies were contracted for, or that his responsibility was known to the libellant, and relied on to the exclusion of the credit of the vessel, or that the supplies were furnished upon the personal credit of the owner, or of any other person. This case might, therefore, be disposed of upon the ground that, under the pleadings, the only question in dispute was the fact that supplies were furnished. But the facts proved outside of the pleadings do not amount to a defence. They are, for the most part, similar to the facts proved in the case of Young Tall against this same vessel (The Washington Irving [Case No. 17,244]), and are not sufficient to warrant a finding that the transaction was other than the ordinary case of supplying the necessities of a foreign vessel. The decree must accordingly be for the libellant for the amount of the bill, with interest.

See the case of the Grapeshot [9 Wall (76 U. S.) 129], decided on March 14, 1870.